**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION AT HANNIBAL**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. )<br>KLOCKE INC. )<br>3844 County Road 401 )<br>Palmyra, Missouri 63461, )<br>   )<br>         Plaintiff, )<br>   )<br>vs. )<br>   )<br>NISOU LGC JV LLC )<br>Serve at:  7310 Woodward Avenue, Suite 500A )<br>      Detroit, Michigan 48202, )<br>   )<br>and )<br>   )<br>LEXON INSURANCE COMPANY )<br>Serve at:  c/o Missouri Director of Insurance )<br>      301 W. High Street, Room 530 )<br>      Jefferson City, MO 65101, )<br>   )<br>         Defendants. ) | Case No. _____<br><br>Division No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

United States of America ex rel. Klocke Inc. ("Subcontractor"), Plaintiff herein, states its claim against Defendants, Nisou LGC JV LLC ("LGC") and Lexon Insurance Company ("Surety") as follows:

1. Subcontractor is a corporation organized and existing under the laws of the State of Missouri with its principal office and place of business located at 3844 County Road 401, Palmyra, Missouri 63461. Subcontractor is engaged in the business of construction and, more particularly, excavation work.

5454.003

2. Defendant LGC is a Michigan limited liability company that is not registered to do business in Missouri but may be served with summons and complaint at 7310 Woodward Avenue, Suite 500A, Detroit, Michigan 48202.

3. Surety is a Texas corporation duly authorized to engage in the business of executing surety bonds in the State of Missouri, with its principal office and place of business located at 10002 Shelbyville Road, Suite 100, Louisville, Kentucky 40223. Surety may be served with summons and complaint through the Missouri Department of Insurance, Truman State Office Building, Room 530, PO Box 690, Jefferson City, Missouri 65102.

4. This action arises and the Court has jurisdiction under the Miller Act, United States Code Title 40, §3131, et seq. The Court has pendant jurisdiction and supplemental jurisdiction over any state law claims alleged in this complaint pursuant to 28 U.S.C. §1371.

5. The contract at issue was to be performed and executed in Chariton County, Missouri. Venue, therefore, lies in the United States District Court for the Eastern District of Missouri pursuant to 40 U.S.C. §3133(b)(3)(B) and 28 U.S.C. §1391(b)(2).

Statement of Facts

6. LGC entered into a prime contract in writing with the United States of America to furnish materials and perform labor for the construction of a project known as the Chariton, Missouri Levee Project with Government Contract No. W912 DQ 17 C 1090 ("Project").

7. The Project work was performed in Chariton County, Missouri.

8. Pursuant to the terms of the prime contract for the Project, LGC, as principal, and Defendant Surety, as surety, executed and delivered to the United States of America as obligee, a payment bond in the penal sum of $230,841.50, conditioned as required by the Miller Act for the protection of and to guarantee payment of claims made by all persons furnishing labor, material,

equipment and supplies to the prosecution of the work provided in the prime contract. A true and correct copy of the Payment Bond is attached hereto as **Exhibit A** and incorporated herewith as if fully set forth herein.

9. On or about February 9, 2018, Subcontractor entered into a written Subcontract with LGC for a portion of the work at the Project, by the terms of which Subcontractor agreed to furnish certain labor and equipment required for such Project. A true and correct copy of this Subcontract Agreement is attached hereto as **Exhibit B** and incorporated herewith as if fully set forth herein.

10. Subcontractor then entered into the performance of its Subcontract Agreement and furnished labor and equipment as prescribed in the agreement, and in the prosecution of the work provided for in the prime contract between LGC and the United States of America as follows:

> "Labor and equipment for levee work excavation and compaction, dirt hauling, rut repair at toe of levee and certain limited cleanup."

11. Thereafter, Subcontractor sent invoices to Defendant LGC requesting payment for the work performed by Subcontractor in the sum of $284,153.34. A true and accurate copy of Subcontractor's invoices sent to LGC is attached hereto as **Exhibit C** and incorporated herewith as if fully set forth herein.

12. Defendant LGC did not pay Subcontractor's invoices as set forth in Exhibit B.

13. Thereafter, Plaintiff made written demand upon Defendant LGC and Defendant Surety for payment of its invoices, all as set forth in **Exhibit D** attached hereto and incorporated herewith as if fully set forth.

14. Notwithstanding Subcontractor's demands for payment, such balance has not been paid and there is now justly due and owing to Subcontractor the principal sum of $284,153.34 on the Project; this amount being the reasonable value of the work, labor and equipment performed

and furnished by Subcontractor to LGC pursuant to the prime contract with the United States of America and the Subcontractor's Subcontract with LGC.

15. The failure of LGC to pay Subcontractor constitutes a breach of the Subcontract Agreement resulting in damages suffered by Subcontractor in the amount of $284,153.34 together with interest thereon.

16. Said unpaid contract balance due exceeds the penal sum of the bond at the present time.

17. The date on which the last work was performed by Subcontractor on the Project was July 26, 2018.

## Count One - Breach of Contract (LGC)

18. Subcontractor repeats and realleges its previous allegations as if restated herein.

19. For the Project LGC has breached its Subcontract with Subcontractor and it has wrongfully failed and refused to pay Subcontractor the monies due it for labor performed and equipment furnished to the Project.

20. Subcontractor suffered damages as a direct and proximate result of LGC's breach of the Subcontract and failure to pay Subcontractor's invoices in the sum of $284,153.34.

21. Subcontractor is entitled to collect penalty interest and penalty attorney's fees from LGC pursuant to the Missouri Prompt Payment Act, §431.180 R.S.Mo., interest at the rate of 1½% per month and reasonable attorney's fees.

22. All conditions precedent for the bringing and maintenance of this action have been performed or occurred.

WHEREFORE, Subcontractor prays for judgment against Defendant LGC for the sum of $284,153.34, together with interest at the regular statutory rate of 9% per annum or, in the

alternative, interest at the rate of 18% per annum under §431.180 R.S.Mo., for Subcontractor's costs herein expended and incurred, for reasonable attorney's fees under §431.180 R.S.Mo. and for whatever further relief the Court deems just and mete in the premises.

### Count II - Quantum Meruit (LGC)

23. Subcontractor repeats and realleges its previous allegations as if restated herein.

24. LGC requested that Subcontractor provide labor and equipment and services and incidentals thereto in connection with providing excavation work for the Project.

25. Subcontractor provided and performed the labor and furnished the equipment and services and incidentals as requested by LGC.

26. The fair and reasonable value of the labor, equipment, services and incidentals provided by Subcontractor is the principal sum of $284,153.34. No payments have been made by LGC to Subcontractor.

27. LGC acknowledged and accepted such labor, equipment, services and supplies and incidentals without payment and, therefore, has been unjustly enriched, and the Subcontractor has been damaged in the sum of $284,153.34 together with interest.

WHEREFORE, the Subcontractor requests judgment in its favor and against Defendant LGC in the sum of $284,253.34, together with interest, costs and attorney's fees and for whatever further relief the Court deems just and mete in the premises.

### Count Three - Miller Act Surety

28. Subcontractor repeats and realleges its previous allegations as if restated herein.

29. Defendant Surety is obligated to Subcontractor on the payment bond as stated herein for the reasons stated in Counts One and Two above.

30.     Despite Subcontractor's demands to Surety for payment, Surety has failed and refused to pay Subcontractor, thus breaching its obligations under the payment bond and, therefore, is liable to Subcontractor for the penal sum of its bond together with prejudgment interest accumulating thereon in excess of the penal sum.

31.     In the event that it is determined by the Court and the evidence that the Surety has failed and refused to pay Subcontractor pursuant to the payment bond, and that Surety's refusal was vexatious and without reasonable cause or excuse, then Surety is liable to Subcontractor for the full $284,153.34 of damages suffered by Subcontractor together with statutory interest, despite the penal sum of the bond, and, further, is liable to Subcontractor under §375.296 R.S.Mo. for additional damages which are set forth in §375.420 R.S.Mo. of 20% of the first $1,500 of Subcontractor's loss, 10% of the amount of loss in excess of $1,500, together with a reasonable attorney's fee.

WHEREFORE, Subcontractor prays for judgment in its favor against Defendant Surety on the payment bond for the full penal sum of the bond, together with statutory interest in excess thereof; or, in the alternative, if the Surety is found by the Court or the jury to have vexatiously refused to pay Subcontractor under the Bond, then damages in the sum of $284,153.34 together with statutory interest plus statutory penalties, reasonable attorney's fees and for Subcontractor's costs herein expended and incurred and for whatever further relief the Court deems just and mete in the premises.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**BROWN & RUPRECHT, PC**

By: */s/ G. Steven Ruprecht*
G. Steven Ruprecht, Eastern District of MO and Missouri Bar No. 23494
John L. Hayob, Eastern District of MO No. 61335 and Missouri Bar No. 24518
2323 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108-2670
T: (816) 292-7000
F: (816) 292-7050
Email: suprecht@brlawkc.com
jhayob@brlawkc.com
**Attorney Plaintiff United States of America ex rel. Klocke, Inc.**

7